```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                        BECKLEY

CORDELL W. PARRACK,

       Petitioner,

v.                                     Case No. 5:06-cv-00606

THOMAS W. MCBRIDE,

       Respondent.
```

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket sheet document # 1) and Petitioner's Application to Proceed Without Prepayment of Fees (# 3). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

The following procedural history is taken primarily from the Proposed Findings and Recommendation submitted by the Honorable R. Clarke VanDervort, United States Magistrate Judge, in Parrack v. McBride, Case No. 5:02-cv-00957:

On April 9, 1996, Petitioner was convicted in the Circuit Court of Randolph County, West Virginia, of aggravated robbery and conspiracy to commit aggravated robbery. (State v. Parrack, Case

No. 96-F-17).  On May 16, 1996, Petitioner was sentenced to concurrent terms of imprisonment of 80 years for aggravated robbery and 1-5 years for conspiracy. (Id.) On September 19, 1996, Petitioner, by counsel, appealed his conviction to the Supreme Court of Appeals of West Virginia (the "SCAWV").  (State v. Parrack, No. 962236).[1]  Petitioner's appeal was refused by the SCAWV on September 3, 1997. (Id.)  Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court.

On October 6, 1997, Petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody in this District Court, which was summarily dismissed on November 4, 1997. (Parrack v. Trent, Case No. 5:97-cv-00961 (S.D. W. Va., Nov. 4, 1997)).

On October 23, 1997, Petitioner filed a Petition for Writ of Habeas Corpus in the Circuit Court of Randolph County. (State ex rel. Parrack v. Trent, Case No. 97-C-166).[2]  Counsel for Petitioner requested and was denied a four month extension within which to file an Amended Habeas Petition. (Id.) Finding "that the interests of justice would be promoted by dismissing this petition and

---

[1] In his petition for appeal, Petitioner claimed, inter alia, that the Circuit Court erred in sentencing him "to an excessive and disproportionate sentence compared to the degree and character of the offense and to the sentence imposed upon the Co-Defendant."

[2] The Circuit Court of Randolph County appointed attorneys Dennis J. Willett and Steven B. Nanners to represent Petitioner on his Petition for Writ of Habeas Corpus.

permitting counsel for the Petitioner to file a new petition or an amended petition within a time frame that would not unreasonably prejudice the Petitioner," the Circuit Court dismissed Petitioner's Petition for Writ of Habeas Corpus on March 31, 1998. (Id.) Petitioner did not appeal that Order.

On November 24, 1999, Petitioner, by counsel, filed a second Petition for a Writ of Habeas Corpus in the Circuit Court of Randolph County. (State ex rel. Parrack v. Painter, Case No. 99-C-270).[3] On August 8, 2000, an evidentiary hearing was held on Petitioner's claims of ineffective assistance of counsel. By Order entered on May 14, 2001, the Circuit Court concluded that Petitioner received effective representation during his criminal proceedings and denied Petitioner's claims of ineffective assistance of counsel. The Circuit Court then addressed each of

---

[3] Petitioner raised the following grounds for habeas relief: (1) Defective Indictment; (2) Prejudicial pretrial publicity; (3) State used improperly obtained testimony to obtain a conviction; (4) Erroneous presentence investigation and improper investigating and reporting procedures; (5) Ineffective assistance of counsel; (6) Improper Grand Jury proceedings and erroneous and prejudicial evidence was presented to the Grand Jury; (7) Insufficient evidence; (8) Improper venue; (9) Circuit Court committed constitutional error in its evidentiary rulings; (10) Erroneous jury instructions; (11) Improper and prejudicial trial procedures; (12) Denial of the right to a fair trial; (13) Prejudicial prosecutorial comments; (14) More severe sentence than expected; (15) Excessive sentence; (16) Petitioner did not receive accurate advice as to plea and parole eligibility from counsel; (17) Irregularities in Arrest Warrant; (18) Excessive and unconstitutional bail; and (19) All issues previously raised on direct appeal to the West Virginia Supreme Court of Appeals.

Petitioner's remaining claims and denied the Petition on the merits, by Order entered on August 31, 2001.

On February 5, 2002, Petitioner, by counsel, filed a petition for appeal from the Circuit Court's denial of his habeas petition to the SCAWV. (State ex rel. Parrack v. Painter, Case No. 020249). The SCAWV refused his petition for appeal on April 24, 2002. (Id.)

Petitioner filed another section 2254 petition on July 23, 2002. (Parrack v. McBride, Case No. 5:02-cv-00957), which was dismissed by the presiding District Judge, as having been untimely filed, on February 24, 2003. On July 28, 2003, the Fourth Circuit affirmed the dismissal of that petition. (Parrack v. McBride, No. 03-6406, 4th Cir, July 28, 2003).

On August 4, 2006, Petitioner filed the instant section 2254 petition (# 1), a brief in support thereof (# 2), and an Application to Proceed Without Prepayment of Fees (# 3).

## **ANALYSIS**

As with his prior petition for a writ of habeas corpus under section 2254, Petitioner's present petition is untimely. A one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Specifically, the AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

```
```


> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . .

28 U.S.C. § 2244(d)(1)(A).  Under 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled during the time period in which a properly filed application for State post-conviction or other collateral review is pending.

The one-year statute of limitations on filing a federal habeas corpus petition concerning Petitioner's aggravated robbery conviction ran on about August 1, 1999 (one year after the time ran for filing an appeal concerning the dismissal of his first Randolph County habeas petition).  Petitioner's previous federal petition was filed after the one-year statute of limitations had run.  Therefore, the instant petition, which was filed on August 4, 2006, is time-barred as well.

Moreover, the instant petition is an unauthorized successive petition under 28 U.S.C. § 2244(b)(3)(A), which provides that "[b]efore a second or successive application is filed in the district court, the applicant <u>shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u> . . . ."  28 U.S.C. § 2244(b)(3)(A).  Petitioner has not received authorization to file a successive petition from the United States Court of Appeals for the Fourth Circuit.

For these reasons, the court proposes that the District Court **FIND** that Petitioner's present section 2254 petition is untimely

under the AEDPA and is an unauthorized successive petition under 28 U.S.C. § 2244. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2254 petition (# 1) and **DENY** Petitioner's Application to Proceed Without Prepayment of Fees (# 3).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing

parties, Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and counsel of record.

<div style="display:flex;justify-content:space-between;">

August 17, 2006
Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge

</div>